THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:06cv28
[CRIMINAL CASE NO. 2:99cr81]

PETER K. STERN,          )
                         )
        Petitioner,      )
                         )
vs.                      )          O R D E R
                         )
UNITED STATES OF AMERICA, )
                         )
        Respondent.      )
_____)

**THIS MATTER** is before the Court on the Petitioner's "Motion to Reinstate 28 USC 2255 Petition" [Doc. 28], filed on August 15, 2011.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On December 7, 1999, the Petitioner was charged in a Superseding Bill of Indictment with one count of conspiring to defraud the United States through the submission of false claims, in violation of 18 U.S.C. § 286 (Count One); one count of obstructing and impeding the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a) (Count Two); one count of bank fraud, in violation of 18 U.S.C. § 1344 (Count Three); two counts of threatening to kidnap a federal judge, in violation of 18 U.S.C. § 115

(Counts Four and Five); and two counts of communicating threats through the mail, in violation of 18 U.S.C. § 876 (Counts Six and Seven). [Criminal Case 2:99cr81, Doc. 51]. A jury trial commenced on March 20, 2000, but the Court declared a mistrial based on counsel's emotional condition. [Id., Doc. 93]. A second jury trial commenced on July 17, 2000. On July 20, 2000, the jury returned a verdict finding the Petitioner guilty as to all counts. [Id., Doc. 136]. On January 23, 2002, the Petitioner was sentenced to a term of 151 months of imprisonment. [Id., Doc. 173]. The Petitioner's convictions and sentence were affirmed on appeal. United States v. Stern, 96 F. App'x 855 (4th Cir. 2004).

On January 24, 2005, the United States Supreme Court vacated the Judgment and remanded the case to the Fourth Circuit for further consideration in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Stern v. United States, 543 U.S. 1097, 125 S.Ct. 988, 160 L.Ed.2d 996 (2005). On remand, the Fourth Circuit again affirmed the Petitioner's convictions but remanded for resentencing. United States v. Stern, 164 F. App'x 306 (4th Cir. 2006).

The Petitioner's resentencing was conducted on March 31, 2006, at which time the Petitioner was sentenced to 124 months of imprisonment. [Id.,

Doc. 194]. The Petitioner appealed, but subsequently moved to dismiss his appeal, which the Fourth Circuit granted on May 4, 2006. [Id., Doc. 199].

On October 26, 2006, the Petitioner filed a motion to vacate under 28 U.S.C. § 2255. [Doc. 1]. Simultaneously with the motion to vacate, Petitioner filed various additional motions, including motions to disqualify all of the judges within the Western District of North Carolina as well as the United States Attorney from further participation in his case; a motion for release on bond pending resolution of his § 2255 motion; a motion for copies of grand jury transcripts; a petition for a writ of habeas corpus *ad testificandum*; and a motion for a "gag" order and sequestration. [Docs. 4, 8, 9, 10, 11, 12]. On November 27, 2006, the Court denied these additional motions, leaving only the motion to vacate pending. [Doc. 13]. The Petitioner appealed this ruling. [Doc. 14]. On March 30, 2007, the Fourth Circuit dismissed the Petitioner's appeal. United States v. Stern, 222 F. App'x 302 (4th Cir. 2007). The Fourth Circuit denied the Petitioner's petition for rehearing *en banc* and motion to show cause on June 6, 2007. [Doc. 23].

On June 15, 2007, the Petitioner filed a "Notice of Dismissal of Action" pursuant to Fed. R. Civ. P. 41(a)(1). [Doc. 24]. Pursuant to the Petitioner's Notice, the Court entered an Order dismissing the Petitioner's § 2255 motion.

3

[Doc. 27]. On August 15, 2011, the Petitioner filed the present motion, seeking to reinstate his § 2255 motion. [Doc. 28].

## II. LEGAL DISCUSSION

As a threshold matter, the Court notes that the Petitioner has completed his term of incarceration and therefore is no longer in federal custody. [2:99cr81 Doc. 230]. The Petition that Mr. Stern seeks to reinstate is entitled "Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a *Person in Federal Custody*." [Doc. 1] (emphasis added). The statute itself allows for such a motion by "A *prisoner in custody* under a sentence of a [Federal] court." 28 U.S.C. §2255 (emphasis added). It would, therefore, appear that the Petitioner is seeking for the reinstatement of a Petition that would be subject to immediate dismissal because a necessary predicate to the prosecution of the action is no longer met. Be that as it may, in the interest of fairness the Court will address the Petitioner's request, notwithstanding its apparent futility.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Among other things, the AEDPA amended 28 U.S.C.

4

§2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides, in pertinent part, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the present case, Petitioner filed a motion to vacate on October 26, 2006, well within the one-year period following the date that his judgment of conviction became final. See 28 U.S.C. § 2255(f)(1). He subsequently filed a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. Petitioner's habeas case was dismissed with the filing of

5

this Rule 41 notice. See Jackson v. United States, 245 F. App'x 258, 259 (4th Cir. 2007). While Petitioner's voluntary dismissal was without prejudice, see Fed. R. Civ. P. 41(a)(1)(B), such dismissal did not operate to toll the applicable statute of limitations. See Jackson, 245 F. App'x at 260 n.2.

Apparently recognizing that he is unable to meet his one-year filing deadline, Petitioner has attempted to articulate a specific reason for the Court to reinstate his motion and to construe it as timely filed.[1] Such explanation, however, is insufficient under the circumstances of this case.

Specifically, Petitioner argues that he withdrew his § 2255 motion "[d]ue to a lack of legal resources and access to sufficient legal research and resources" while incarcerated. [Doc. 28 at 1]. He now contends that his motion should be reinstated so that he may respond fully to the Government's opposition to his motion to terminate his supervised release, which was filed on August 3, 2011. [Criminal Case No. 2:99cr81, Doc. 231]. Specifically, Petitioner contends that the Government's opposition "has opened the door

---

[1] In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Fourth Circuit held that "when a federal habeas court, prior to trial, perceives a *pro-se* [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Here, Petitioner clearly was aware of his obligation to establish the timeliness of his motion, and he has attempted to do so [see Doc. 28]. As such, the Court finds that no further notice of opportunity for a response is required for Petitioner.

to allow [Petitioner] to argue positions and bring into his arguments exhibits contained in the 28 USC 2255 Motion . . . ." [Doc. 28 at 1].

While it is well-settled that courts have the authority to toll the limitations period on equitable grounds, Petitioner's stated reason for seeking reinstatement of his motion to vacate does not warrant equitable tolling. In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while the limitation period applicable to a § 2255 motion may be subject to equitable tolling, such measure is an "extraordinary remedy" that is "sparingly granted." Id. at 688. Equitable tolling is reserved for those situations where it would be unconscionable to enforce the limitations period and, if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Thus, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (discussing tolling requirements); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (same).

7

Petitioner has not set forth any basis which would support a finding that it would be unconscionable to apply the limitations period, or that gross injustice would result from its application, or for that matter that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way. Therefore, the Court concludes that equitable tolling is not available to Petitioner, and his motion to reinstate his § 2255 motion is denied.

In addition, in light of the fact that Petitioner has already been released from custody, the Court will also deny the Motion based on the Petitioner's lack of standing.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court declines to issue a certificate of appealability as Petitioner is unable to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

## O R D E R

**IT IS, THEREFORE ORDERED** that Petitioner's "Motion to Reinstate 28 USC 2255 Petition" [Doc. 28] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 25, 2011

Martin Reidinger
United States District Judge

9